D. D. SUTTLE v. JOHN Z. FALLS.

*Evidence—Market Price of Goods.*

Evidence of a dealer as to the price of goods sold at a distant market, whose information is derived in the course of business and from prices current sent him, is admissible, upon trial of an action to recover the price, as some evidence of the value of the article at the place of production—less the expense of transportation and sale.

CIVIL ACTION, tried at August Term, 1887, of CLEVELAND Superior Court, before *McRae, Judge.*

The plaintiff sues to recover the price of certain *mica,* sold by the defendant as agent for the plaintiff in 1883. On the trial, a witness for the plaintiff testified, "that he dealt in mica in 1883—bought and sold it." The plaintiff objecting, he was allowed to testify further, " that the price of mica $3\frac{1}{2}$ by 4 in 1883 was, he thought, $2.50 per pound ; that he sold in Utica, New York, to one house, and they sent him the quotations of prices; that was where mica was sold, and they were general dealers."

There was evidence to prove that the mica sold, in size, " run from 2 by $2\frac{1}{2}$ inches, and from 6 and 7 by 3 and $3\frac{1}{2}$ inches, and (witness) thinks it would average 3 to $3\frac{1}{2}$ to 4 and $3\frac{1}{2}$ inches."

The appellant excepted generally, to " the charge of the Court " to the jury, and especially to so much thereof as had reference to interest to be allowed. Judgment for plaintiff. Appeal by defendant.

*Mr. J. F. Hoke.* for plaintiff.
*Mr. W. P. Bynum,* for defendant.

MERRIMON, J., (after stating the case). It is unnecessary to decide any question presented by the assignment of error as to the instruction of the Court to the jury in respect to interest, because the counsel for the appellees agrees here, that the interest allowed up to the date of the judgment shall be abated, and a proper order to that effect will be entered. But the principal money of the judgment will bear interest from the date of the latter until the same shall be paid.

We cannot take notice of the general exception to the whole charge of the Court; it is so indefinite and vague as to imply nothing. This has been decided many times.

The assignment of error in respect to the evidence admitted on the trial as to the price of mica in the year 1883, cannot be sustained. The witness so testifying, said that he was a dealer in that article—bought and sold it in that year. He, therefore, had knowledge, and was qualified to testify as to the current price of it.

Nor was the evidence objectionable on the ground that the witness obtained his information in the course of his trade and business as such dealer from merchants—general dealers in mica in Utica, where there was a market for the same; nor was it objectionable because he derived his information in part from "the quotations of prices" sent to him by the merchants with whom he had such dealings. It is from such sources and by such means merchants and business men generally come to have information and knowledge as to the methods, customs and courses of trade and business, and the market value and current prices of classes of goods, articles, and things put upon and sold in the markets of the country. Such knowledge is important and useful. It is acted and relied upon to a greater or less extent, according to circumstances, in buying and selling in the markets, and in business transactions generally. Such information, in appropriate cases, is evidence of greater or less value, in proportion as the witness testifying is more or less trustworthy, and well or ill informed. It is of the nature of hearsay evidence, that comes within well settled exceptions to the general rule, that hearsay is not ordinarily evidence. The subject is well discussed and numerous cases cited and commented upon by the Chief Justice in *Fairly* v. *Smith*, 87 N. C., 367; and also by Mr. Justice RODMAN in *Smith* v. *Railroad*, 68 N. C., 107.

It seems, that at first it was expected by the parties that the mica would be sold in the City of Philadelphia. It did not, so far as appears to us, appear on the trial where it was

in fact sold　Hence, it was contended on the argument here that the price should be that of the place of the contract of bailment.　The Court was not requested to give such particular instruction, but we think it did so instruct the jury in effect.　It said, among other things, "You can consider the testimony as to the quotations of the market, at the place where there is a market, in order to enable you to reach its value here.　Its value at the place of production would be less than at the market where it was sold　by the expense of transportation and sale."　It then directed the attention of the jury to the evidence objected to.　The price in Utica—a market for mica—was some evidence of the price at the place of production, and, with the explanation given by the Court as to the expense of transfer and cost of sale, was unobjectionable.　It helped the jury to settle a fair price.

There is no error.

No error.　　　　　　　　　　　　　　　　　Affirmed.