## WINDSOR, WHITLEY, HUDSON & BROTHER v. DELBONDIO.

1. A party who complains of the rejection of evidence must show not only what evidence was offered, but that its rejection was harmful. Therefore, if, in the trial of an action for damages for an alleged non-delivery of goods sold, the plaintiff proposed to prove by a witness, deriving his information from market reports and the like, the market value of the goods purchased by him, but did not state that the value expected to be proven was greater than the purchase price according to the contract, rejecting the testimony as to value was not cause for a new trial. While it was competent to prove the same by the means proposed, it does not affirmatively appear that the testimony offered, if admitted, would have been helpful to the plaintiff.

2. Except as to the matter dealt with above, the record does not properly present any question of law for determination by this court, and the verdict, under the evidence introduced, was right.

Argued November 17,—Decided November 23, 1896.

Complaint for damages. Before Judge Fish. Sumter superior court. November term, 1895.

*J. F. Watson* and *J. E. D. Shipp*, for plaintiffs.
*Clarke & Hooper*, for defendant.

ATKINSON, Justice.

The questions made in this case arose upon the following state of facts: Windsor, Whitley, Hudson & Brother sued DelBondio for damages which they alleged they sustained by reason of his failure to comply with a contract which they alleged he had made with them. Plaintiffs contended that they purchased from a broker in Americus, Byrd, who was selling rice for the defendant in New Orleans, 50 sacks of rice, 5,000 pounds, of a certain quality, "O. G. head rice," and that defendant failed to comply with the contract made with them by Byrd, who was acting for him. Defendant contended that he complied with his contract; that he sold plaintiffs 50 sacks of O. G. head rice, and shipped them that kind of rice; that Byrd only had authority to sell plaintiffs that kind of rice at three and a half

cents a pound, and that Byrd sold that kind of rice, and that he, defendant, shipped plaintiffs that kind of rice, and they declined to take it; that if Byrd showed plaintiffs a sample of a better quality of rice, and sold them O. G. head rice by that sort of a sample, Byrd had no authority from him to do any such thing, etc. There was a verdict for defendant, and plaintiffs moved for a new trial. The mo-was overruled, and the plaintiffs excepted. The motion was upon the general grounds. Further, because the court erred in not allowing C. R. Whitley to testify, over objection by defendant's counsel, what the price of rice was on the 7th day of February, 1894, in the city of New Orleans, on the ground that he could not state what the price was when he stated that he could only testify on the subject from what he heard others say, and from talking with drummers and brokers of New Orleans, and what knowledge he derived from price-lists etc. that were furnished him from dealers in the city of New Orleans on the said date. In a note to this ground the court states: "The witness Whitley stated that he had no personal knowledge of the market price or value of rice in New Orleans on the 7th of February, 1894; that all he knew of it he got from what others such as drummers and brokers said, and what he had derived from price-lists. No price-lists were offered or produced. Objection was made by defendant's counsel on the ground of hearsay, and sustained." Further, because the court erred in refusing to give the following charge as requested by plaintiffs: "And that plaintiffs in said case were entitled to the benefit of a good trade, if they had one, and if they bought the rice at a less price than it was worth in the city of New Orleans when they purchased it, defendant was bound to deliver said rice according to contract, though said plaintiffs purchased it at a less price than the true value." As to this ground, the court states in a note to the motion: "The request to charge, as stated above, was not requested, but

the request that was really made, and made in writing, was as follows: 'The damages would be difference between stipulated price and actual value of rice. The stipulated price, if below market value, parties would still be bound by it.' This charge was refused, because in opinion of the court it had been substantially given." Upon the filing of the bill of exceptions, which occurred some eight months after the trial, error was assigned upon the failure of the court to give in charge certain legal principles to the jury.

1. The only question seriously pressed upon the attention of the court here was as to the error complained of in the first special assignment of error set out in the motion for new trial. This related to the rejection of certain evidence by which it was sought to establish the price of rice in the city of New Orleans on a given day by reference to price-lists and the statements of drummers, brokers and other persons who were engaged in that business. The witness proposed to speak, not of his own knowledge, but upon information derived from sources such as are above enumerated. It nowhere appears that he expected to prove that the price of rice in that city on the day named was greater than the purchase price according to the contract. The trial judge excluded the evidence upon the special ground that it was hearsay, and we think that the reason assigned for the exclusion of the evidence was erroneous. It has been expressly ruled by this court in the case of *The Central Railroad & Banking Co.* v. *Skellie*, 86 Ga. 686, that a person who was familiar with the prices of merchandise in a distant place, in consequence of his having received daily quotations, circulars, accounts of sales of fruits and the like, could testify from such information as to the market price. This ruling is well sustained, not only by the reasoning of the present Chief Justice in that case, but by authorities which he cites in support of that opinion, and as well by several cases decided by the Supreme Court of North Carolina. (See Suttle *v.* Falls, 4 S. E. Rep. 541;

Fairley *v.* Smith, 87 N. C. 367; Smith *v.* Railroad Co., 68 N. C. 107.) We do not think, however, that the exception taken presents such an assignment of error as will authorize this court to reverse the judgment. It does not appear from the record that, if the question had been answered, the witness would have testified to a revelant fact. He might have testified that the price of rice in the city of New Orleans on the day stated was less than that named in the contract between the parties, and in that event the testimony would have been wholly irrelevant, in so far as the interest of the plaintiffs was concerned. It was well settled, that one who alleges error upon the trial of a case must prove it, and in order to prove the error assigned in this case, it was necessary to have shown that the court excluded improperly relevant testimony, and for the reasons above indicated this does not appear.

2. None of the other assignments of error present questions which can be considered here. The exception to the refusal of the trial judge to charge as stated in the motion for new trial is not verified. The assignments upon the failure of the judge to charge, as set forth in the bill of exceptions, not being a part of the motion for new trial, were not certified within the time required by law. The evidence as it comes to us certified in the record fully supports the verdict in favor of the defendant, there being no evidence showing the value of rice in the city of New Orleans upon the date of the alleged purchase; and the trial judge did not err in refusing a new trial. *Judgment affirmed.*