MARY E. COMMANDER v. N. HOWARD SMITH.

(Filed 15 September, 1926.)

**Contracts—Breach—Evidence—Market Quotations—Telegrams.**

The price of a commodity as per the market quotation on the New York Exchange generally relied on by dealers therein, may be shown by telegrams and quotations thus received by a dealer local to the transaction, and the testimony of such dealer is competent evidence upon the trial.

APPEAL by plaintiff from *Grady, J.,* at January Term, 1926, of PASQUOTANK. Reversed.

*J. C. Brooks and Aydlett & Simpson for plaintiff.*
*Thompson & Wilson for defendant.*

ADAMS, J. This was an action to recover damages for a breach of contract. The plaintiff's evidence tended to show that on 1 June, 1924, she delivered to the defendant at his request ninety-three baskets of peas for shipment on that day to "whatever market he thought best"; that the defendant contracted to ship the peas on the day they were delivered; that he failed to do so, but turned them over to another for transportation and thereby delayed their delivery on the New York market for at least two days; and that owing to fluctuation in the market during this time the price declined and the plaintiff suffered loss.

It became necessary to establish the price in the New York market on each of these dates. On this point W. H. Jennette, who made the shipment, testified on his direct examination substantially as follows: "I know what the market was on Thursday morning according to the telegrams. We received telegrams every day from the New York market. I got telegrams for peas that were sold that day. I have the telegrams with me. This is the telegram received from salesman there. I got returns for peas sold on Thursday from New York. The price was $3.75 to $4.00. From telegrams and sales in New York the price on Saturday was $1.50 to $3.20." The telegrams were admitted in evidence, but they do not appear in the record.

On cross-examination he said that by reference to his papers he could give the time of shipment and the market price in New York at the dates in question. He made other statements which, it was suggested, are not altogether consistent with his direct testimony, but it is not necessary specifically to point them out. At the conclusion of the evidence the defendant renewed his motion for nonsuit, and the evidence of Jennette with respect to the market value of the peas was withdrawn from the jury and the motion was allowed. The plaintiff excepted and appealed.

COMMANDER *v.* SMITH.

The argument here was addressed to the question whether, conceding the execution of the contract and its breach by the defendant, there was sufficient evidence of the plaintiff's loss. It is argued on behalf of the defendant that Jennette's testimony as to the New York market is not only incompetent but insufficient even if competent, and that the court properly withdrew it from the jury.

In reference to land the approved definition of market value is given in *Brown v. Power Co.,* 140 N. C., 333. But the market value of personal property which is regularly sold in the open market as an ordinary commodity has been defined as the price established by public sales conducted in the way of a business, or such prices as dealers in the articles are willing to receive and purchasers are made to pay, when the goods are bought and sold in the ordinary course of trade; and as a rule standard price lists and market reports which are shown to be in general circulation and relied on by the commercial world and by those engaged in the trade may be received as evidence of the market value. *Ferebee v. Berry,* 168 N. C., 281; *Moseley v. Johnson,* 144 N. C., 257; 22 C. J., 186 (147), 188, 929 (1135); *R. R. v. Pearce* (Ark.), 12 An. Cas., 125 and annotation; *McGilvra v. R. R.* (N. D.), 159 N. W., 854; *Packing Co. v. Griffith* (Tex.), 144 S. W., 1139; *Mount Vernon Co. v. Teschner* (Md.), 16 L. R. A. (N. S.), 758 and annotation; 3 Jones, Com. on Ev., sec. 582. This broadly stated is a general rule; but evidence of market value is not confined to price lists and market reports. In *Smith v. R. R.,* 68 N. C., 107, it was held that telegrams, circulars, and correspondence were admissible on the ground, not that a single sale was sufficient, but that evidence of the aggregate sales of a day or a period, embodied in a reputation among dealers in the article, was competent evidence; and in *Suttle v. Falls,* 98 N. C., 393, the Court sustained evidence of the market value of mica given by a witness who had obtained his information in the course of his trade from general dealers in mica who transacted their business at the place of sale. See, also, *Brackett v. Edgerton* (Minn.), 100 Am. Dec., 211. On the other hand the testimony of a witness who derives his information from reports in a single newspaper published in a city remote from the place of sale is not sufficient. *Fairley v. Smith,* 87 N. C., 367.

As was said in the case last cited, evidence of the market value of an article sold in the open market of a distant city should be sufficient prima facie to show the accuracy of the published information as to the state of the distant market. Tested by this principle the excluded evidence, we think, should have been submitted to the jury. Parts of this evidence, it is true, are obscure and unsatisfactory; but it tends to disclose the receipt of telegrams sent to the witness every day from the New York market, telegrams and sales on Wednesday and on Satur-

day, and other relevant circumstances. Whether the telegrams from the market were in fact those sent by the salesman we are unable to determine from the evidence. No doubt a full disclosure will make this plain. We are of opinion that on the present record we are precluded from holding as a matter of law that Jennette's evidence is altogether insufficient as to the value of the peas on the New York market.

The judgment of nonsuit is reversed and a new trial awarded.

Reversed.