L. B. GALLIMORE, W. F. PAGE, D. R. SAUNDERS, T. C. VAUGHN, H. B. BARGER, O. L. RUTH, C. A. BROWN, R. I. McCLUSKEY AND T. R. YORK, TRUSTEES OF THE NORTH CAROLINA CONFERENCE OF THE PILGRIM HOLINESS CHURCH OF AMERICA, v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION (OF THE STATE OF NORTH CAROLINA).

(Filed 14 January, 1955.)

**1. Pleadings § 30—**

Whether the clerk of the Superior Court has jurisdiction on a motion to strike under G.S. 1-153, *Quaere?*

**2. Appeal and Error § 40f—**

Since the prejudicial effect of objectional allegations in a pleading ordinarily arises from a reading of such allegations to the jury, it would seem that such allegations could not be prejudicial in a hearing before the clerk.

**3. Same—**

The denying or granting of a motion to strike allegations from a pleading under the provisions of G.S. 1-153 will not be disturbed on appeal unless it is made to appear that appellant was prejudiced thereby.

**4. Same—**

Upon appeal from a ruling upon a motion to strike, the Supreme Court will not undertake to chart the course of the trial in advance of the hearing.

**5. Eminent Domain § 8—**

Compensation recoverable by a landowner for the taking of his property by eminent domain for highway purposes, is the difference between the fair market value of the property as a whole immediately before the taking, and the value of the remainder immediately after the taking, less general and special benefits.

**6. Same—**

In estimating the fair market value of land before and after the appropriation of a portion thereof, all capabilities of the property and all uses to which it is adapted, which affect its value in the market, are to be considered, and not merely its value for that use to which it had been applied by the owner.

**7. Same—**

Where property of an educational institution is taken for highway purposes, it should be determined whether the remaining property is more valuable for institutional purposes than for any other use, since elements of depreciation when the property is used for educational purposes may not obtain if the property is put to some other use.

**8. Eminent Domain § 18c—**

In a special proceeding to assess compensation for land of an educational institution taken for highway purposes, G.S. 136-19, any evidence which aids the jury in fixing a fair market value of the remaining land, and its diminution by the burden upon it, including everything which affects the market value of the land remaining, is competent.

**9. Eminent Domain § 18b—**

In a special proceeding to assess compensation for land of an educational institution taken for highway purposes, it is not required that petitioners allege with particularity the various respects in which the property has been adversely affected by the new highway, G.S. 40-12, and since evidence in support of all elements of damage recoverable is competent under the general allegation of damage, petitioners are not prejudiced by an order striking from the petition allegations relating to particular elements of damage.

**10. Eminent Domain § 8—**

Where part of the property of an educational institution is taken for highway purposes, the ascertainment of the fair market value of the remaining lands for educational purposes does not depend upon the actual availability of one or more prospective purchasers for that purpose, but the existence of a buyer for such purpose, who is able and willing to buy, but under no necessity to do so, will be assumed.

APPEALS by petitioners and respondent from *Fountain, Special Judge,* 19 July, 1954, Civil Term of FORSYTH.

The petitioners, Trustees of the North Carolina Conference of the Pilgrim Holiness Church of America, as owners of described lands in Kernersville Township, Forsyth County, instituted this special proceeding to recover compensation for the taking and appropriation of a portion of their property by the State Highway and Public Works Commission, respondent, for use for public highway purposes.

The appeals relate solely to rulings on respondent's motion to strike designated portions of the petition.

Petitioners own an acreage tract located one-half to three-fourths of a mile east of the city limits of the Town of Kernersville. They constructed buildings and various improvements thereon, making the property suitable for the school site and campus of the Pilgrim Bible College, an Agency of the Pilgrim Holiness Church. This institution is conducted on the property, offering high school, junior college and theological courses. Respondent has relocated U. S. Highway #421 and in doing so has con-

structed a new highway through petitioners' property. The petitioners seek compensation for the appropriation of a portion of their property for such highway purposes, alleging that the decrease in fair market value caused thereby "is at least $44,032.37."

Respondent moved under G.S. 1-153 to strike designated allegations of the petition, principally allegations in paragraphs 6 and 7 thereof. The clerk ruled thereon. Respondent excepted to all rulings adverse to its contentions and forthwith appealed to the Superior Court.

In the Superior Court, the judge, upon respondent's motion, remanded the proceeding to the clerk for further proceedings in conformity with law (*Abernathy v. R. R.,* 150 N.C. 97, 63 S.E. 180), the order providing that respondent's exceptions to the clerk's order were preserved for hearing at a later date. Thereafter, before the clerk, the parties entered into a stipulation providing that in the event of an appeal, upon conclusion of the proceedings before the clerk, the Superior Court judge would first hear and dispose of respondent's exceptions to the clerk's order disallowing in part the motion to strike. Commissioner appointed by the clerk assessed damages to petitioners' property at $14,072.00. The clerk confirmed their report. Respondent excepted and appealed.

There has been no trial *de novo* before a jury as to the award to which petitioners are entitled as compensation for respondent's said appropriation of their property for highway purposes. Judge Fountain heard the motion to strike *de novo* rather than on exceptions to the clerk's order; and to the rulings incorporated in an order signed by Judge Fountain, both petitioners and respondent excepted and appealed.

*York & Boyd for petitioners, appellants.*

*R. Brookes Peters and Blackwell, Blackwell & Canady for State Highway and Public Works Commission, respondent, appellant and appellee.*

BOBBITT, J. Does the clerk have jurisdiction to rule on a motion to strike interposed under G.S. 1-153? Disposition of these appeals does not require an answer to this question. However, we note that this statute provides: "Any such motion to strike any matter out of any pleading may, upon ten days' notice to the adverse party, be heard out of term by the resident judge of the district or by any judge regularly assigned to hold the courts of the district." Too, the prejudicial effect of objectionable allegations in a pleading ordinarily arises from the reading of such allegations to the jury even though evidence in support thereof is not admitted. *Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925; *Light Co. v. Bowman,* 231 N.C. 332, 56 S.E. 2d 602. Hence, the prejudicial effect of objectionable allegations in a petition filed under G.S. 40-12 ordinarily

would not arise unless and until the proceeding comes to the Superior Court for trial *de novo* by a jury on the issue of damages.

As stated by *Ervin, J.,* in *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185: "This Court does not correct errors of the Superior Court unless such errors prejudicially affect the substantial rights of the party appealing. Hence, the denying or overruling of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party." Conversely, if a motion to strike irrelevant or redundant matter from a pleading is erroneously allowed the ruling will not be disturbed unless it is made to appear that the pleader will be prejudiced on account thereof.

And it has been held consistently that, upon appeal from a ruling on a motion to strike, this Court will not undertake to chart the course of the trial in advance of the hearing. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660, and cases cited therein.

The respondent brought no condemnation proceeding. Instead, as authorized by statute, it seized and appropriated a portion of petitioners' property for public use for highway purposes. Unable to agree as to what constituted just compensation, petitioners seek to have the amount of their recovery determined by special proceeding in accordance with G.S. 136-19. *Moore v. Clark,* 235 N.C. 364, 70 S.E. 2d 182.

The procedure in such special proceeding is that prescribed in G.S. Ch. 40, entitled, "Eminent Domain." G.S. 40-12 specifies the necessary allegations of such petition. In brief, these consist of allegations that petitioners own the property appropriated and pray that commissioners be appointed to ascertain and determine the amount of compensation "which ought justly to be made." G.S. 40-17. The respondent, by answer, may challenge the allegations of petitioners on which they seek to recover compensation. G.S. 40-16. These statutes do not seem to contemplate that petitioners allege with particularity the various respects in which their property has been adversely affected by the new highway. There is no requirement that petitioners do so.

Upon confirmation of the report of the commissioners, exceptions thereto may be entered; and, upon appeal, the issue as to the amount of damages or compensation is for determination *de novo* by a jury at term time. G.S. 40-19; G.S. 40-20; *Proctor v. Highway Com.,* 230 N.C. 687, 55 S.E. 2d 479.

Just compensation, to which the landowner is entitled, is the difference between the fair market value of the property *as a whole* immediately before and immediately after the appropriation of a portion thereof for highway purposes. *Abernathy v. R. R.,* 150 N.C. 97, 63 S.E. 180; *Light*

*Co. v. Carringer*, 220 N.C. 57, 16 S.E. 2d 453. Where the appropriation is for highway purposes, the general and special benefits, if any, accruing to the landowner from the location and construction of the new highway, must be taken into consideration. G.S. 136-19; *Highway Com. v. Hartley*, 218 N.C. 438, 11 S.E. 2d 314; *Proctor v. Highway Com., supra.* In short, damages are to be awarded to compensate for the loss sustained by the landowner. *Light Co. v. Moss*, 220 N.C. 200, 17 S.E. 2d 10. In *Abernathy v. R. R., supra, Connor, J.,* expresses the gist of the rule: "The compensation must be full and complete and include everything which affects the value of the property taken and in relation to the entire property affected."

In paragraph six of the petition, petitioners have alleged in separately numbered paragraphs fourteen elements or items of damage to their property; to each they assign a specific amount; and in paragraph seven they summarize and tabulate the items, "hereinabove fully alleged," the total of the fourteen items being $44,032.37, the amount of compensation the petitioners seek to recover. Except in minor particulars, these allegations were stricken.

It would unduly encumber this opinion to consider in detail each of the challenged fourteen paragraphs of paragraph 6. Careful consideration impels the conclusion that the order of Judge Fountain does not and will not prejudice either petitioners or respondent in the trial *de novo* before a jury of the issue as to the award to which petitioners are entitled.

"Any evidence which aids the jury in fixing a fair market value of the land, and its diminution by the burden put upon it, is relevant and should be heard; any evidence which does not measure up to this standard is calculated to confuse the minds of the jury, and should be excluded. This is as far as we can safely go in the present state of the case." *Abernathy v. R. R., supra.*

Since the petitioners, without setting forth in their petition the specific elements they contend caused a diminution in fair market value, may offer evidence within the rule quoted in the preceding paragraph, they are in no way prejudiced by the ruling of Judge Fountain. Neither G.S. 136-19 nor G.S. 40-12, nor any decision to which our attention has been called, requires such particularization as a prerequisite to the introduction of relevant evidence. The petitioners may offer all competent evidence relevant to the issue to the same extent as if the stricken allegations were now in the petition.

While we refrain from charting the course of the trial and from anticipating questions of evidence that may arise, it may be helpful to call attention to the matters discussed below.

This is not an action for damages based on tort but a special proceeding under the statute for just compensation. *Abernathy v. R. R., supra.*

Hence, evidence as to noise and smoke, etc., as in *R. R. v. Armfield,* 167 N.C. 464, 83 S.E. 809, injury to a spring, as in *Brown v. Power Co.,* 140 N.C. 333, 52 S.E. 954, or the appropriation of a portion of church property "used for hitching horses," and the frightening of horses and the distraction of worshippers by the noise of passing trains, as in *R. R. v. Church,* 104 N.C. 525, 10 S.E. 761, or damage on account of the ponding of surface waters, and the necessity for additional fencing of cultivated land, as in *R. R. v. Wicker,* 74 N.C. 220, or injury to a spring, the requirement of additional fencing, and the inconvenience of having a field cut in two, as in *Freedle v. R. R.,* 49 N.C. 89, was not relevant as a basis for the recovery of special damages. As pointed out by *Walker, J.,* in *R. R. v. Mfg. Co.,* 169 N.C. 156, 85 S.E. 390, such adverse effects are not separate items of damage, recoverable as such, but are relevant only as circumstances tending to show a diminution in the over-all fair market value of the property.

In *R. R. v. Church, supra,* the adverse effects shown tended to show a decrease in the fair market value of the land for church purposes. It was noted in the opinion by *Merriman, C. J.,* that the property was of trifling value for purposes other than as a place of worship. It followed that any circumstances that depreciated its fair market value for church purposes adversely affected the property in respect of the use for which it was most valuable.

In estimating the fair market value, before and after the appropriation of a portion thereof, "all of the capabilities of the property, and all of the uses to which it may be applied, or for which it is adapted, which affect its value in the market are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." *Barnhill, J.* (now *C. J.*), in *Light Co. v. Moss, supra;* also see *Brown v. Power Co., supra.*

Careful consideration of these principles is appropriate in this case. Many of the elements of damage alleged in the petition concerned the adverse effect of the appropriation of a portion of petitioners' land upon the continued use of the property as the school site and campus of an educational institution. It may be that the property of petitioners was and is more valuable for institutional purposes than for any other use to which it might be applied. Determination of this fact would seem relevant. If perchance the property involved has a greater fair market value for another purpose adverse effects relating solely to use for institutional purposes would seem to be lacking in materiality. By way of illustration: Instances come to mind where a college, orphanage or other institution owns acreage, now within the heart of a city but far beyond the city limits when acquired. It may be that in such case the fair market value today is much greater for subdivision and development for business and resi-

dential purposes than for institutional purposes. For institutional purposes, the congestion in its present location may be a disadvantage rather than an advantage. Since the fair market value both before and after the taking of a portion thereof for a street would be greater for purposes other than for institutional use, evidence relating to elements that would affect the fair market value only for institutional purposes would seem irrelevant.

Difficulty is encountered when one undertakes to determine the fair market value of property now constituting the school site and campus of an educational institution. The reason is that there will be few, if any, prospective purchasers for such property for such use. Even so, the application of our concept of fair market value does not depend upon the actual availability of one or 'more prospective purchasers, but assumes the existence of a buyer who is ready, able and willing to buy but under no necessity to do so. *Brown v. Power Co., supra; Light Co. v. Moss, supra.* "Of course, the market value of a church could not be determined by saying just what somebody would give for that piece of property, because the ordinary citizen does not want to own a church, but what would a congregation that desired a church give for the church. In like manner, a college campus must have its value determined by what somebody who wanted a college would give for the property with that campus." *Producers Wood Preserving Co. v. Com'rs of Sewerage* (Ky.), 12 S.W. 2d 292.

On respondent's appeal, we do not perceive that the respondent has been materially prejudiced by Judge Fountain's ruling adverse to its contention.

For the reasons stated, the judgment of Judge Fountain, in respect of both appeals, is affirmed.

Petitioners' appeal: Affirmed.

Respondent's appeal: Affirmed.