HORACE ROBINSON AND WIFE, MARY K. ROBINSON, v.
STATE HIGHWAY COMMISSION.

(Filed 29 October, 1958.)

**1. Eminent Domain § 5—**

Where a part of a tract of land is taken for highway purposes, the measure of damages is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left after the taking.

**2. Same—**

In ascertaining the difference between the fair market value of land immediately before and immediately after a partial taking, the value of the land taken and the value of the remaining land after giving consideration to general and special benefits, if any, are elements to be considered, and it is error for the court to instruct the jury that it should ascertain the difference between the value of the land immediately before

and immediately after the taking and then subtract from this difference any general and special benefits.

**3. Eminent Domain § 6—**

While uses to which the remaining lands are reasonably susceptible as a direct result of the location of the highway may be considered in proper instances in determining general and special benefits, testimony of a witness as to his observations of sales made of unidentified properties on similar highways under unidentified circumstances would seem impertinent.

PARKER, J., not sitting.

APPEAL by petitioners from *Clark, J.,* May Civil Term, 1958, of WARREN.

Special proceedings under G.S. 40-11 et seq., to recover compensation for the taking by respondent under G.S. 136-19 of an easement of right of way, including the right to limit access thereto, over 15 acres of a 76-acre tract of land owned by petitioner Horace M. Robinson.

The 15-acre portion was appropriated by respondent for the relocation, including a "clover-leaf" interchange, of U. S. Highway No. 1, Project #4950. It crosses the Robinson tract, separating 54.5 acres of the unappropriated portion from 6.5 acres thereof.

Commissioners assessed the landowner's damages at $7,908.00. The clerk, overruling respondent's exceptions, entered judgment in accordance with the report of the commissioners. Respondent excepted and appealed to the superior court.

Upon trial in the superior court, the issue submitted and the jury's answer were as follows:

"What sum, if any, is the Petitioner Horace M. Robinson entitled to recover of the Respondent, State Highway Commission, for the appropriation of that portion of the lands of the Petitioner described in the Petition, together with the damages, if any, to the remainder of Petitioner's lands described in the Petition, over and above all general and special benefits, if any, accruing to Petitioner's land by reason of the construction of the highway? ANSWER—$4220.00 Inc. Int. at 6%."

The court entered judgment in accordance with the verdict. Petitioners excepted and appealed, assigning errors.

*Attorney-General Seawell, Assistant Attorney-General Wooten, H. Horton Rountree, Member of Staff, and Kerr & Kerr, for the State.*
*Gholson & Gholson and Banzet & Banzet for petitioners, appellants.*

BOBBITT, J. The applicable rule, well established, is stated by *Ervin, J.,* in *Proctor v. Highway Commission,* 230 N.C. 687, 691, 55

S.E. 2d 479, as follows: "Where only a part of a tract of land is appropriated by the State Highway and Public Works Commission for highway purposes, the measure of damages in such proceeding is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking. The items going to make up this difference embrace compensation for the part taken and compensation for injury to the remaining portion, which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner from the utilization of the property taken for a highway. G.S. 136-19; *Highway Commission v. Hartley*, 218 N.C. 438, 11 S.E. 2d 314." Later cases in accord include *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778; *Gallimore v. Highway Commission*, 241 N.C. 350, 85 S.E. 2d 392; *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591; *Highway Commission v. Privett*, 246 N.C. 501, 99 S.E. 2d 61.

Based on appropriate exceptions and assignments of error, petitioners contend that the court's instructions relating to the measure of damages were erroneous and prejudicial. The assignments are well taken. The final instruction, particularly the third paragraph thereof, will suffice to point out the error. It was as follows:

"So I say in summary, members of the jury, you will arrive at a fair market value of the entire tract of land in question, immediately before the taking, under the rules that I have given you, and also a fair market value of the entire tract immediately after the taking.

"Now, if there is no difference between the two values, then, of course, the issue submitted to you would be answered 'None.' Or if you should find that the fair market value after the taking exceeds what it was before, of course the answer would be 'None.'

"If, however, you find that the fair market value of the entire tract of land is less after the taking than it was immediately before the taking, then to such a decrease in value *you must give credit for any special or general benefit*, under the rule that has already been explained to you, *and subtract that from the difference that you arrive at as between the before and after value*, and then after having done that you must, or may add interest at the rate of 6% from the date of the taking of the property by the respondent, as being a sum, additional sum awarded to the petitioner for the delay in payment of the property taken, as an element of compensation." (Our Italics)

General and special benefits, if any, accruing to the landowner from the location and construction of the new highway are elements for consideration in determining the fair market value of *what is left* immediately after the taking. If an entire tract is taken, a landowner has nothing to which general and special benefits might attach.

The instructions given are to the effect that the jury, having first determined the difference between the fair market value of the entire tract immediately before and immediately after the taking, was to subtract from such difference the value of general and special benefits. The value of general and special benefits, if any, is not to be subtracted from such difference; but, as heretofore stated, the general and special benefits, if any, were elements for consideration in determining the fair market value of what was left immediately after the taking.

Respondent's emphasis upon the general and special benefits accruing to Robinson in respect of his remaining 61 acres from the location and construction of the new highway indicates the prejudicial effect of the erroneous instruction. Indeed, one of respondent's witnesses, on direct examination, was permitted to testify, over objection, as follows: "I have seen some of these properties on similar highways sell for phenominal prices, I thought, as compared with the prices they were sold at for farm land. Some were sold for industrial property. It has been mostly motels, filling stations, restaurants and occasionally a variety store." The testimony of this witness as to his observations of sales made of unidentified properties under unidentified circumstances at what he considered "phenominal" prices would seem rather far afield from the issue before the jury. However, since there must be a new trial for error in the charge, we need not elaborate on the assignment of error directed by petitioners to the reception of this testimony.

New trial.

PARKER, J. not sitting.