JOHN R. TAYLOR COMPANY, INC., Petitioner, v. NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION, Respondent.

(Filed 12 June, 1959.)

1. **Eminent Domain § 9— Charge on fair market value held not prejudicial.**

   An instruction to the effect that the market value of property taken by eminent domain should be measured by what the property would bring in voluntary sale by one who desires, but is not obliged, to sell, and is bought by one who is under no necessity of buying, will not be held prejudicial for failure to charge that the buyer must be one desiring to buy, when it appears from the entire charge, construed contextually, that the jury could not have been misled but must have understood that the market value was to be determined by what the property would bring by a willing seller, not required to sell, to a wanting buyer, not required to buy.

2. **Eminent Domain § 13—**

   Where petitioner by stipulation and the introduction of evidence elects

to try his case on the theory that the "taking" occurred on a particular date, petitioner will not be allowed to attack the verdict on the ground that the taking occurred at a later date when the value of the property had increased.

**3. Eminent Domain § 9—**

An instruction to the effect that the jury might consider as an element of compensation benefits resulting to the remainder of the tract resulting from the taking, instead of assessing such benefits as an offset against damages, is prejudicial to respondent and not to petitioner, and will not be held for error on petitioner's appeal.

**4. Appeal and Error § 20—**

Appellant will not be permitted to complain of an error in the charge favorable to him.

**5. Eminent Domain § 9—**

A charge to the effect that the petitioner is entitled to recover all damages resulting from the taking, past and future, will not be held prejudicial for failure to include present damages when, construing the charge as a whole, such failure is inconsequential. All damages incurred up to the present moment are encompassed in the term "past damages" and all damages incurred after the present moment are included in the term "future damages."

**6. Appeal and Error § 42—**

The charge to the jury must be read as a composite whole and not in detached fragments.

**7. Appeal and Error § 39—**

The burden is on appellant not only to show error, but that the alleged error was prejudicial and amounted to the denial of some substantial right.

APPEAL by petitioner from *Phillips, J.,* 20 October 1958 Regular Civil Term of GUILFORD, Greensboro Division.

Special proceeding for recovery of compensation for part of land of petitioner, to wit 10.44 acres, taken by respondent for the relocation, reconstructing, widening and improving of U. S. 421 Federal Interstate and Defense Highway.

The proceeding was instituted before the Clerk of the Superior Court on 26 February 1957. After the pleadings were filed, the Clerk appointed commissioners to fix the compensation to be awarded petitioner. The commissioners filed their report, and the Clerk entered judgment in accordance with the report. Petitioner and respondent excepted to the report, and each appealed to the Superior Court for a trial by jury at term.

In the Superior Court the following issue was submitted to the jury, and answered as follows:

"What sum, if any, is petitioner entitled to recover of respondent for the appropriation of the lands described in paragraph 2 of respondent's further answer, together with the damages, if any, to the remainder of the 93.25-acre tract described by reference in the petition over and above all general and special benefits, if any, accruing to petitioner's lands by reason of the construction of the extension of Patterson Street into interstate Highway No. 40? Answer: $12,300.00."

From judgment entered upon the verdict, petitioner appeals.

*Hoyle & Hoyle by J. Sam Johnson, Jr., for petitioner, appellant.*

*Malcolm B. Seawell, Attorney General, Kenneth Wooten, Jr., Assistant Attorney General, H. Horton Rountree, Trial Attorney, and Falk, Carruthers & Roth by Joseph T. Carruthers, Jr. for respondent, appellee.*

PARKER, J. All petitioner's assignments of error, except formal ones and one to a ruling of the court as to the date of the taking of the land by respondent, relate to the charge of the court to the jury.

Petitioner's assignment of error Number 2 is to this part of the charge: "Market value of property is the price which it would bring when it is offered for sale by one who desires to sell but is not obliged to sell it and *is bought by one who is under no necessity of having it.*" Petitioner contends that the learned judge omitted an essential element of market value in that he should have charged in part as follows: *Is bought by one who desires but is not required to buy it.* In support of its contention it cites *Moses v. Morganton,* 195 N.C. 92, 141 S.E. 484, where this language is used: "The principle of damages is laid down thus in 10 R.C.L., part § 112: 'When a parcel of land is taken by eminent domain, the measure of compensation to be awarded the owner is the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy; in other words the test is the fair market value of the land.'" The identical language quoted from R.C.L. now appears in 18 Am. Jur., Eminent Domain, § 242. It also cites to the same effect 29 C.J.S., Eminent Domain, p. 974; 18 Am. Jur., Eminent Domain, § 242; *Talbot v. City of Norfolk,* 158 Va. 387, 163 S.E. 100. Petitioner could have cited to the same effect *Gallimore v. Highway Comm.,* 241 N.C. 350, 85 S.E. 2d 392.

The above language of the trial judge assigned as error is taken practically verbatim from *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10. Similar language is used in *Brown v. Power Co.,* 140 N.C. 333,

52 S.E. 954; *R. R. v. Armfield,* 167 N.C. 464, 83 S.E. 809; *Commander v. Smith,* 192 N.C. 159, 134 S.E. 412.

Further on in the charge the judge instructed the jury as follows: "The value of the property is the yardstick by which compensation for the taking of land or any interest therein is to be measured. And the market value of property is the price which it will bring when it is offered for sale by one who desires but is not obliged to sell and is bought by one who is under no necessity of having it. In estimating its value, all of the capabilities of the property and all the uses to which it may be applied or for which it is adapted which affect its value in the market are to be considered by the jury and not merely the condition it is in at the time of the taking and the use to which it was then applied by the owner. The measure of compensation is the sum which would be arrived at as a result of fair negotiations in a private transaction by an owner willing to sell and a purchaser willing to buy after due consideration of all evidence reasonably affecting value." Petitioner's assignments of error Numbers 7 and 8 relate to the repetition of the definition of market value in the above excerpt from the charge, and to its last sentence.

The last sentence in the above excerpt is in accord with the quotation from 10 R.C.L., § 112—now 18 Am. Jur., Eminent Domain, § 242 — in *Moses v. Morganton, supra.* In 29 C.J.S., Eminent Domain, p. 974, cited by petitioner, it is said: "The market value of property injured or taken for public use is commonly defined as the price it will bring when offered for sale by one who desires, but is not required, to sell, and is sought by one who desires, but is not required, to buy, after due consideration of all the elements reasonably affecting value."

Reading the charge as a whole, and not in detached fragments (*Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356), it leaves us with the opinion that the jury must have understood that market value must be determined by what the land taken by respondent would bring if sold by a willing seller, not required to sell it, to a wanting buyer, not required to buy it, after due consideration of all the evidence reasonably affecting market value. Petitioner's assignments of error Numbers 2, 7 and 8 are overruled.

After the jury was impaneled, and before evidence was introduced, the following stipulation of the parties was dictated in the Record in the jury's presence: "Petitioner was on December 30, 1955, the owner of a 93.29-acre *(sic)* tract as alleged in the petition, and that on that date the respondent entered on the land to construct a highway, and commenced work with machinery." Whereupon, the court held as a matter of law that 30 December 1955 was the date of tak-

ing. Petitioner excepted to this ruling by the court, and assigns it as error Number 4, but offered no evidence in respect to the date of taking. The only evidence as to the date of taking appears in the stipulation, except as appears in the testimony of John R. Taylor hereinafter set forth. The petition does not allege the date of taking. The only reference to the date of taking in the pleadings is in the further answer as follows: "That said project was begun on September 16, 1955, and has not been completed as of the date of the filing of this answer."

Petitioner's assignment of error Number 3 is to the charge of the court to this effect: If the jury believed all the evidence in the proceeding, the day of taking was 30 December 1955, and that the market value of the land taken was to be determined as of that date.

Petitioner contends that it had no notice of what land respondent was taking and what parts of the highway would be a non-access highway, until respondent filed its answer on 13 September 1957, and therefore the date of taking was 13 September 1957. The date of filing of the answer does not appear in the Record, but apparently it was filed about 13 September 1957, because on 15 August 1957, respondent was allowed by the Clerk of the Superior Court thirty days within which to file answer or otherwise plead. Petitioner further contends that the difference in time between 30 December 1955 and 13 September 1957 was material, because on the prior date, according to appellant's evidence, there had been no change in the land and its use from an abandoned dairy farm status, and on the later date construction had begun on a residential subdivision and extensive plans had been laid for the development of valuable industrial property. (Petitioner's contention does not refer to the following testimony of John R. Taylor, president and owner of petitioner corporation, when he was recalled as a witness: "I answered yesterday on cross-examination that the 93.29-acre *(sic)* tract was in the same condition on December 30, 1955, as it was when I bought it. Since then I have checked my records and that statement was incorrect. On December 30, 1955, considerable streets had been roughed out, storm drainage had been installed, water and sewer had been installed, and we had started 27 houses, and received final FHA inspection on 15 houses"). Further, petitioner contends that the court allowed evidence that petitioner paid $55,940.00 for the entire tract of land on 22 October 1954, which evidence he would no doubt have held incompetent, if the date of taking had been 13 September 1957.

The price petitioner paid for the entire tract of land was admitted without objection. All of petitioner's witnesses, as well as respondent's

witnesses, testified as to the fair market value of the property immediately before 30 December 1955, and immediately after that date. John R. Taylor testified: "I am president and owner of petitioner corporation. . . . In my opinion, the fair market value of this property immediately before the taking on December 30, 1955 was $249,210.00." Petitioner, as well as respondent, offered no evidence as to the fair market value immediately before 13 September 1957 and immediately thereafter. There is no evidence in the Record that petitioner did not know until the answer was filed what land respondent had taken and what part of the highway would be a non-access highway. There is no exception to the evidence in the Record.

Petitioner elected to try its case in the lower court on the theory that the date of taking was 30 December 1955, and it will not be permitted to change its attitude with respect thereto on appeal. *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222; *Paul v. Neece,* 244 N.C. 565, 94 S.E. 2d 596; *Leggett v. College,* 234 N.C. 595, 68 S.E. 2d 263; *Hargett v. Lee,* 206 N.C. 536, 174 S.E. 498.

The judgment provides that petitioner shall recover interest on the jury verdict of $12,300.00 from 30 December 1955.

Petitioner's assignments of error Numbers 3 and 14 are overruled.

The court charged the jury as follows: "The measure of damages for the taking of part of a tract by the State Highway Commission for highway purposes is the difference between the fair market value of the entire tract, including improvements, if any, immediately before the taking and a fair market value of what is left, including improvements, immediately after the taking; which sum includes compensation for the part taken and compensation for injury to the remaining portion, if any, that is to be offset by both general and special benefits occurring to the property from the construction or improvement of the highway over the property." This part of the charge is in strict accord with what this Court said in *Proctor v. Highway Commission,* 230 N.C. 687, 691, 55 S.E. 2d 479, 482, which is quoted with approval in *Highway Commission v. Black,* 239 N.C. 198, 201, 79 S.E. 2d 778, 781.

Petitioner assigns as error Number 4 that the judge a little later instructed the jury that the elements of just compensation to be paid petitioner can be reduced to a formula, and charged as follows: "Market value of the part of the land that was taken plus damage to the market value of the remainder plus benefits to market value of remainder, if any, plus market value before and market value after plus damages, if any, by reason of limited access or no access to part of the property remaining adjacent to the highway."

G.S. 136-19 provides in part: The State Highway "Commission is hereby vested with the power to condemn the lands . . . , and in all instances the general and special benefits shall be assessed as offsets against damages."

The part of the charge challenged by the petitioner's assignment of error Number 4 is erroneous and prejudicial to respondent, but beneficial to petitioner, because it instructed the jury to consider as an element of compensation benefits resulting to the remainder of the tract of land resulting from the taking, instead of assessing it as an offset against damages. Petitioner must show not only error, but that the alleged error was prejudicial to it. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657; *Rudd v. Casualty Co.,* 202 N.C. 779, 164 S.E. 345. A party cannot justly complain of an error in a charge favorable to him. *Fallins v. Insurance Co.,* 247 N.C. 72, 100 S.E. 2d 214. Assignment of error Number 4 is overruled.

Petitioner assigns as error Number 10 this part of the charge: "All damages naturally and reasonably resulting from the taking, past and future, should be considered by the jury." Petitioner contends in respect to assignment of error Number 10 that "the vice in this instruction is that the court ignored present damages." When the words used are damages past and future, the term "present damages" is practically encompassed in the term "past damages," because all damages incurred up to the present moment are passed damages. All damages that will be incurred after the present moment are included in the term "future damages." The damages of the passing moment would seem to be inconsequential upon the facts of the instant case. Surely the failure of the judge to include the word *present* when charging as to damages *past and future* is not sufficient to cause a new trial.

A charge by a Trial Judge to a jury must be read as a composite whole and not in detached fragments. *Weavil v. Trading Post,* 245 N.C. 106, 95 S.E. 2d 533. Technical error is not sufficient to disturb the verdict and judgment. The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right. *Johnson v. Heath, supra.* Measured by these rules, appellant has not shown prejudicial error sufficient to overthrow the trial below. All the assignments of error have been considered, and are overruled.

No Error.