RANSOM WILLIAMS AND WIFE, EDNA ORDERS WILLIAMS v. STATE HIGHWAY COMMISSION OF NORTH CAROLINA.

(Filed 18 May, 1960.)

**1. Appeal and Error § 38—**

Exceptions not set out in the brief are deemed abandoned.

**2. Evidence § 28—**

Testimony that a person had stated that petitioners had been damaged in a specified sum is hearsay and incompetent unless it comes within an exception to the hearsay rule.

**3. Principal and Agent § 4—**

The fact of agency cannot be proved by the extra-judicial declarations of the alleged agent.

**4. Evidence § 31—**

In order for a statement of an agent to be competent against the principal it must be shown that the statement was made within the scope of the agent's authority, and the burden of so showing is upon the party offering such testimony in evidence.

**5. Eminent Domain § 6—**

Where a witness has testified as to his opinion of the reasonable market value of the land immediately before and after the taking, it is competent for him to testify that in arriving at such opinion he took into consideration the highest and best use of which the land was susceptible, since such possible use is properly considered to the extent it affects the present market value of the property, and it being incumbent on the adverse party, if the witness had considered elements and followed methods that did not reflect the true market value of the property either before or after the taking, to so show upon cross-examination of the witness.

**6. Same—**

It is competent for a witness to testify as to his opinion of the highest and best use to which the land taken was susceptible.

**7. Trial § 36—**

The issues arise upon the pleadings only and no exact formula can be prescribed for the form of the issues, but the issues submitted will be held sufficient if they present to the jury proper inquiries as to all determinative facts in dispute and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly.

**8. Eminent Domain § 11—**

In a proceeding to recover compensation for the taking of land under the power of eminent domain, the court properly submits the issue as to what amount, if any, the petitioners are entitled to recover and properly instructs the jury thereon, and such charge will not be held for error as permitting the jury to answer the issue "nothing" in the face of petitioner's evidence of damages, since the questions of the sufficiency of the evidence and the determination of the amount of damages lie in the exclusive province of the jury.

**9. Damages § 15—**

The determination of the issue of damages lies in the exclusive province of the jury, and the court may not in its charge give an opinion of whether any damages must be awarded or the amount thereof.

**10. Eminent Domain § 11—**

An instruction that the measure of damages is the difference in the fair market value of the entire tract immediately before and the fair market value of the remaining land immediately after the taking, and that the items going to make up such difference embrace compensation for the land taken and compensation for injury to the remaining lands, to be offset by any special benefits resulting to the land, *is held* without error.

APPEAL by petitioners from *Farthing, J.,* at November 16, 1959 Special Civil Term, of BURKE.

Special Proceeding to recover compensation for the taking by respondent, under its right of eminent domain, of an easement of right of way over approximately 7 acres of a 45-acre tract of land owned by petitioners. The appropriation of the easement, which occurred on 1 March, 1957, was under Project No. 8.18121, Burke County, for the relocation and construction of a new highway designated U. S. No. 70, to be re-designated Interstate No. 40.

Petitioners' land is located 3 to 4 miles west of Morganton. The tract is south of a paved highway known as the Jamestown Road and fronts on this road for 689 feet. Several acres adjacent to the Jamestown Road and north of the appropriated section were planted in corn in 1958 or 1959. The remainder of the tract had been cultivated for hay or grain some 25 years or more previously, and had since grown up in young timber variously described as field pine, scrub pine, sycamore, ninebark, and scrub timber.

The new limited access highway runs in an east-west direction through the approximate center of petitioners' land, leaving around 19 acres in the northern portion and about the same amount in the southern portion. Petitioners have access to the southern portion by a service road built by respondent. In addition to damages brought about by the taking of the easement, petitioners alleged damages to the

remainder of the tract by the northern portion being cut off from the water supply available on the southern portion, by the construction of cuts and fills, by the diversion of surface waters, by the deposit of mud, silt and debris, and in other particulars. Respondent alleged that the construction of the new highway benefits the property, thereby enhancing its value and diminishing the damages.

Subsequent to the filing of the petition, a hearing was held before the Clerk of Superior Court, and commissioners were appointed to determine the amount of compensation. To the order entered by the Clerk approving the report of the commissioners, respondent excepted, and appealed therefrom to the Superior Court. Upon trial in Superior Court, the jury returned a verdict awarding petitioners $3,550.00 plus interest at 6% from 1 March, 1957.

From the judgment entered on the verdict, petitioners appeal to Supreme Court and assign error.

*Simpson & Simpson for plaintiffs, appellants.*

*Attorney General Bruton, Assistant Attorney General Kenneth Wooten, Jr., G. Andrew Jones, Patton & Ervin for respondent, appellee.*

WINBORNE, C. J. At the outset it is noted that Exceptions 1, 2, 9, 29 and 30 were expressly abandoned by petitioners, and Exceptions 5, 6, 7, 10 and 32 not having been set out in appellants' brief, are taken as abandoned by them. *Harmon v. Harmon*, 245 N.C. 83, 95 S.E. 2d 355; *Lieb v. Mayer*, 244 N.C. 613, 94 S.E. 2d 658.

Nevertheless appellants assign as error the exclusion of certain testimony offered by them relating to a Mr. Cabe, an alleged agent of respondent. Part of this testimony consisted of observations of and conversations with Mr. Cabe by petitioner Ransom Williams in the course of settlement negotiations. Neither the purpose for which the excluded testimony was offered, nor the asserted basis of its admissibility are stated in the record. It is apparent that petitioners wanted to place before the jury statements allegedly made by Mr. Cabe to petitioners during the course of negotiations, that "they have damaged you $15,000," and "if he was going to sue, he would sue for $15,000." The statements were hearsay and therefore inadmissible unless within an exception to the hearsay rule. The extra-judicial declarations were not competent to prove the agency of the declarant. *Parrish v. Mfg. Co.*, 211 N.C. 7, 188 S.E. 817; *Sledge v. Wagoner*, 250 N.C. 559, 109 S.E. 2d 180. Even if it be conceded that declarant was respondent's agent, there was no showing that the quoted statements

were within the scope of authority of declarant, and the burden of so showing was on petitioners. *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493; *Sledge v. Wagoner, supra.*

Assignments of error, based on exceptions taken, are made to the admission of testimony of two of respondent's witnesses relating to damages suffered by petitioners. Witness Mull, on direct examination, after testifying in detail as to his qualifications and his observations of the land in question, and after giving his opinion as to the reasonably fair market value of the land before and after the taking, was asked to describe how he arrived at his opinion of the difference. He replied: "By breaking the land down to its highest and best use, I computed what would be approximately 3½ acres of frontage along the Jamestown Road which I figured at $1,000 an acre * * *." Petitioners objected to "highest and best use". In *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10, this Court said: "In estimating its value all of the capabilities of the property, and all of the uses to which it may be applied, or for which it is adapted, which affect its value in the market are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." This principle is cited in *Gallimore v. Highway Commission,* 241 N.C. 350, 85 S.E. 2d 392, and *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219. "The highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered not as a measure of value but to the full extent that such prospect or demand for such use affected the market value at the time respondents were deprived of their (property)." *Barnes v. Highway Commission, supra,* quoting *Light Co. v. Moss, supra.* The witness had already testified as to his opinion as to the reasonably fair market value of the land. The phrase "highest and best use" was used by witness to show one of the factors considered in arriving at his opinion of the market value. As stated in *Highway Commission v. Privett,* 246 N.C. 501, 99 S.E. 2d 61: "Cross-examination was the available medium whereby the weight of the testimony might be impaired by showing that the witness 'considered elements and followed methods' that did not reflect fair market value either before or after the taking." The highest and best use was certainly one of the capabilities of the property. It was one of the uses to which the land might be applied, or for which it was adapted, and one which affected its value. Indeed, the highest and best use, the highest and most valuable use, the highest and most profitable use, or the most advantageous use are generally accepted factors in determining the market value of land taken in condemna-

tion proceedings. *U. S. v. Toronto, Hamilton & Buffalo Nav. Co.*, 70 S. Ct. 217, 338 U.S. 396; *Olson v. United States*, 292 U.S. 246; *People v. Ocean Shore R. R.*, 32 Cal. 2d 406, 196 P. 2d 570; *City of Chicago v. Harbecke*, 409 Ill., 425, 100 N.E. 2d 616; *Steifer v. City of Kansas City*, 175 Kan. 794, 267 P. 2d 474; *Louisiana Power & Light Co. v. Simmons*, 229 La. 165, 85 So. 2d 251; *Airports Commission v. Hedberg-Freidheim Co.*, 226 Minn. 282, 32 N.W. 2d 569; *Hazard Lewis Farms, Inc. v. State*, 149 N.Y.S. 2d 658, 1 A.D. 2d 923; *Moyle v. Salt Lake City*, 111 Utah 201, 176 P. 2d 882; *Appalachian Elec. Power Co. v. Gorman*, 191 Va. 344, 61 S.E. 2d 33. The evidence was properly admitted.

Also the witness Schiflet, after testifying on direct examination as to his opinion of the reasonable market value of the land before and after the taking, and after testifying on cross-examination that he considered the 3½ acres bordering the Jamestown Road for building purposes, was asked on re-direct examination his opinion as to what was the highest and best use of that particular part of the property. Over objection, he was allowed to answer "for building lots". Appellants contend that the highest and best use is not the criteria to be used in placing a value on condemned property unless such potential use is so reasonably probable or so reasonably immediate as to affect the reasonable market value of the land. That a portion of the land was adaptable to building lots, and that such use was so reasonably probable as to affect the market value is amply supported by petitioners' pleadings, and by the evidence. The objection was properly overruled.

Moreover, petitioners except to the issue submitted to the jury. In this connection "It is well settled that issues arise upon the pleadings only and not upon the evidential facts." *Darroch v. Johnson*, 250 N.C. 307, 108 S.E. 2d 589. "No exact formula is prescribed for the settlement of issues." *Pruett v. Pruett*, 247 N.C. 13, 100 S.E. 2d 296. "Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly." *Hill v. Young*, 217 N.C. 114, 6 S.E. 2d 830; *Cherry v. Andrews*, 231 N.C. 261, 56 S.E. 2d 703; *Pruett v. Pruett, supra; Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295. The issue submitted in the instant case complies with the established principles quoted above. The exception thereto is without merit.

Lastly, the remaining assignments of error are directed to the court's charge to the jury on the element of damages. Error is assigned on the basis that the court instructed the jury that it might bring in a

verdict answering the issue "Nothing", when all the evidence tended to show that petitioners were damaged in some amount.

"The general rules of evidence apply as to the weight and sufficiency of the evidence in condemnation proceedings in respect of the compensation to be awarded or allowed to owner, including the value of the property taken or condemned and including the injuries or damages to the property not taken. Although jurors or commissioners cannot disregard the evidence which the parties produce in respect of the compensation to be awarded, including the value of property taken and injuries to property not taken, they are not bound by the opinions or estimates of witnesses." 29 C.J.S. Eminent Domain, sec. 275. "The question of the measure of damages is for the court, but where an issue is made by the pleadings and is tried by a jury the estimation and determination of the amount of the injury sustained is usually a question of fact for their sound and reasonable discretion, and they usually assess the damages if any are to be awarded." 25 C.J.S. Damages, sec. 176, p. 857.

The determination of the amount of damages is the province of the jury. *Lowe v. Hall*, 227 N.C. 541, 42 S.E. 2d 670. "* * * It is the task of the jury alone to determine the facts of the case from the evidence adduced; and * * * 'no judge, in giving a charge to the petit jury * * * shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury.' " *S. v. Canipe*, 240 N.C. 60, 81 S.E. 2d 173; G.S. 1-180. In the instant case, the questions of the sufficiency of the evidence, and of the amount of damages, if any, to which petitioners were entitled were properly submitted for the jury's determination.

The basic statement of law given by the court, and the one around which the remaining instructions were built was as follows:

"But, when a governmental agency takes or appropriates private property for public use, the law imposes upon it a correlated duty to make just compensation to the owner of the property appropriated. When private property is taken for public use, just compensation must be paid. Where by compulsory process and for the public good the State or any of its agencies invades and takes the property of its citizens in exercise of its highest prerogative in respect to property, it should pay them full compensation. The compensation must be full and complete and include everything which affects the value of the property taken and in relation to the entire property affected. The petitioners are entitled to be put in as good position pecuniarily as if the property had not been taken." * * * "And I instruct you where only a part of a tract of land is appropriated by the State Highway

Commission for highway purposes, the measure of damages in such proceeding is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking. The items going to make up this difference embrace compensation for the part taken and compensation for injury to the remaining portion, which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner from the utilization of the property taken for a highway." Petitioners except to the instructions contained in the last two sentences.

That this is a correct statement of the applicable law is too well established to require further elaboration. See *Highway Commission v. Hartley*, 218 N.C. 438, 11 S.E. 2d 314; *Proctor v. Highway Commission*, 230 N.C. 687, 55 S.E. 2d 479; *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778; *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591; *Robinson v. Highway Commission*, 249 N.C. 120, 105 S.E. 2d 287; *Taylor Co. v. Highway Commission*, 250 N.C. 533, 109 S.E. 2d 243. The portion of the charge excepted to above was repeated in the concluding portion of the court's charge. The intervening portions of the charge in which the court instructed the jury as to how it should apply the rule stated above for the measure of damages are fair and correct, and no prejudicial error appears therein.

Hence in the judgment from which appeal is taken there is
No error.