NORTH CAROLINA STATE HIGHWAY COMMISSION v. C. T. GASPERSON
AND WIFE, MABEL GASPERSON.

(Filed 9 November, 1966.)

**1. Eminent Domain § 5—**

In determining the compensation to be paid for the taking of a portion
of land or an interest therein, all factors pertinent to the fair market
value of the remaining land immediately after the taking should be con-
sidered.

**2. Same;   Eminent Domain § 2—**

The Highway Commission took an easement for a limited access highway
which traversed plaintiff's land, leaving two parcels without access to each
other except by a secondary road along the southern boundary, and with
access to the limited access highway only at points some four or five miles
distant. *Held:* The deprivation of access should be considered in determin-
ing the value of the lands remaining, G.S. 136-89.52, and an instruction to
the effect that the denial of access should not be taken into consideration
must be held for prejudicial error.

APPEAL by defendants from *Falls, J.,* January 24, 1966, Civil Ses-
sion of BUNCOMBE.

The State Highway Commission (Commission) instituted this
civil action July 1, 1963, as provided in G.S. 136-103 *et seq.,* for the
appropriation for highway purposes of perpetual easements in a por-
tion of a tract of land in Limestone Township, Buncombe County,
owned by defendants.

Prior to the appropriation defendants owned a tract of land in
Buncombe County, located approximately nine miles south of Ashe-
ville and two miles west of U. S. Highway 25, described as contain-
ing 85.28 acres. It was bounded on the west by the French Broad
River, on the south primarily by the Glenn Bridge Road, and on the
north and east by lands owned by other persons. A secondary road,
known as Rockwood Road, curved through the property from the
north-central area to the south-central area, terminating at Glenn
Bridge Road and bisecting defendants' property. The land subject
to the Rockwood Road easement consisting of 2.04 acres, was a part
of defendants' 85.28-acre tract.

The appropriation was for the purpose of constructing Interstate
Highway 26, a controlled-access facility. Of the land appropriated,
12.32 acres was appropriated for right of way purposes and .57 acre
was appropriated for "construction easements," the latter affecting
areas used for construction of gradual slopes or embankments. The
portion of Rockwood Road within the appropriated area was relo-
cated. As relocated, it is east of its original location and east of In-
terstate Highway 26. Interstate Highway 26 is constructed to cross
over Glenn Bridge Road without providing or permitting access

thereto. The nearest places of access to Interstate Highway 26 from defendants' remaining property are four to five miles to the north and south.

As a result of said appropriation, defendants' remaining land consists of 19.61 acres lying west of Interstate Highway 26, between said highway and French Broad River, the southern portion thereof abutting Glenn Bridge Road, and of 50.74 acres lying east of Interstate Highway 26, the southern portion thereof abutting Glenn Bridge Road. Prior to said appropriation, defendants had direct access between any portion of their land and any other portion of their land. Too, defendants had access between any portion of their land and Rockwood Road. As a result of said appropriation, defendants have no means of access between the portion of their property lying west of Interstate Highway 26 and the portion thereof lying east of Interstate Highway 26 except by way of Glenn Bridge Road. Too, defendants have no means of access between the portion of their land lying west of Interstate Highway 26 and relocated Rockwood Road except by travel to and along Glenn Bridge Road.

Simultaneously with the institution of this action and the filing of complaint herein, the Commission filed a Declaration of Taking and Notice of Deposit with the Clerk of the Superior Court of Buncombe County, depositing at that time $6,250.00 as estimated just compensation. Defendants alleged damages in the amount of $47,000.00.

The court submitted and the jury answered the only issue raised by the pleadings as follows: "What amount, if any, are the defendants entitled to recover of the plaintiff, State Highway Commission, as just compensation for the appropriation of their property for highway purposes? ANSWER: $15,000.00."

Judgment, in accordance with the verdict, was entered. Defendants excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis, Trial Attorney Smith and Associate Counsel Lamar Gudger for plaintiff appellee.*

*Harold K. Bennett and G. Edison Hill for defendant appellants.*

BOBBITT, J.   Defendants' Exception No. 21 is directed to this portion of the charge: "No compensation shall be awarded to the defendants in this action for the denial of access rights to the new highway since no rights ever existed. Thus the denial of access to the new highway shall not enter into your consideration in determining what effect the appropriation for a controlled access highway has upon

the fair market value of the remaining land immediately after the taking."

Defendants' Exception No. 22 is directed to "the failure of the court to instruct the jury to the effect that the denial of defendants to access to Interstate Highway 26 should be considered by the jury in assessing general damages in accordance with the provisions of G.S. 136-89.52."

Article 6D of G.S. Chapter 136 is entitled "Controlled-Access Facilities." A section thereof, G.S. 136-89.52, provides in pertinent part: "Along new highway locations abutting property owners shall not be entitled, as a matter of right, to access to such new locations; however, the denial of such rights of access shall be considered in determining general damages."

The applicable rule as to the measure of damages is now defined by statute as follows: "Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." G.S. 136-112(1). G.S. 136-112 was enacted as a part of Section 2, Chapter 1025, of the Session Laws of 1959. The rule as to measure of damages stated in G.S. 136-112 is in accord with that adopted and stated by this Court in numerous decisions prior to the adoption of the 1959 Act, *Robinson v. Highway Commission,* 249 N.C. 120, 105 S.E. 2d 287, decided in 1958, and cases cited therein.

It is undisputed that defendants are denied access from the remaining portions of their property to Interstate Highway 26. The question presented by assignments of error based on Exceptions Nos. 21 and 22 is whether such denial of access is to be considered in determining the fair market value of the remaining portions of defendants' land immediately after the taking. The court instructed the jury that such denial of access should not be considered. G.S. 136-89.52, in the portion thereof quoted above, expressly provides that "the denial of such rights of access *shall* be considered in determining general damages." (Our italics.)

G.S. 136-112(1) states the applicable rule as to the ultimate measure of damages. It contains no provision as to factors to be considered by the jury in determining fair market value. Under our decisions, *all* factors pertinent to the fair market value of the remainder immediately after the taking are to be considered by the jury. *Gallimore v. Highway Comm.,* 241 N.C. 350, 85 S.E. 2d 392; *Templeton v. Highway Commission,* 254 N.C. 337, 118 S.E. 2d 918. The fair market value of the remaining portions of defendants' land is materially

affected by the fact that access therefrom to Interstate Highway 26 is denied. G.S. 136-89.52 provides expressly that the denial of such rights of access is a factor to be considered. Hence, the challenged instruction was erroneous and prejudicial.

On account of said error in the charge, defendants are awarded a new trial. Discussion of defendants' other assignments of error is unnecessary. They present questions that may not recur at the next trial.

New trial.