STATE HIGHWAY COMMISSION v. WILLIAM THOMAS REEVES AND WIFE, MILDRED REEVES

No. 7030SC206

(Filed 6 May 1970)

1. Eminent Domain § 6— evidence of value — nonexistent lots — undeveloped property

In the condemnation of undeveloped property that was suitable for business or residential subdivision, it was error to permit the landowner's witnesses to attach a specific value to nonexistent lots on the property.

2. Eminent Domain § 5; Trial § 33— just compensation — improper instructions

In a highway condemnation proceeding, the trial court charged the jury that "just compensation is said to be, members of the jury, that you should take the value of the property left, and put it on top of that money, until you brought it up where it was before the property was taken." *Held:* The instruction was erroneous, and the Court of Appeals cannot assume that the jury followed a correct instruction on just compensation in another portion of the charge. G.S. 136-112(1).

APPEAL by plaintiff from *McLean, J.,* 15 September 1969 Session of HAYWOOD County Superior Court.

This is a condemnation proceeding under Article 9 of Chapter 136 of the General Statutes of North Carolina. Plaintiff is taking 4.24 acres, in addition to an existing 1.16 acre right of way, of a 5.92 acre tract belonging to defendants, leaving defendants a total of .52 acres. The tract is located between Waynesville and Clyde, North Carolina, near the intersection of N.C. 209 and U.S. 19-23 and the portion taken is to be used for the straightening and widening of U.S. 19-23 west of Clyde, North Carolina. Plaintiff deposited $19,200 as the estimated compensation for the land. In their answer, defendants asked for $75,000 as a fair and reasonable market value of the land taken. The jury awarded defendants $78,000 and, after interest was computed by the court, the total amount awarded to defendants was $85,938. Plaintiff appealed.

*Attorney General Robert Morgan by Trial Attorney Guy A. Hamlin for plaintiff appellant.*

*Frank D. Ferguson, Jr., for defendant appellees.*

MORRIS, J.

[1] Plaintiff's assignments of error Nos. 1, 4 and 6 concern, wholly or in part, the admission of testimony relating to how witnesses for

plaintiff arrived at values of the property. Both parties produced evidence that the land was desirable for the purposes of business or residential subdivision or both. However, upon questioning by defendants' counsel six of defendants' witnesses were permitted and one witness for the plaintiff required to attach a specific value to nonexistent lots on the property. This was error. *Highway Commission v. Conrad,* 263 N.C. 394, 139 S.E. 2d 553 (1965); *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219 (1959).

In *Conrad* and *Barnes* the land was undeveloped, though there were existing subdivisions in the nearby vicinity. The acreage in *Barnes* had two paved roads on it, one constructed by the city of Winston-Salem and one constructed on a private easement. In the case before us there is evidence that, though in a desirable location, the land was being used only as a pasture at the time of taking with some businesses located in the vicinity. In *Conrad* a map of a proposed subdivision was not permitted into evidence, for factual reasons, where in *Barnes* a map of a proposed subdivision was admitted into evidence. However, in both cases the Court held that such maps were admissible to illustrate and explain testimony of witnesses but not as substantive evidence. In the trial of the case before us a map of the property and an aerial photograph were introduced into evidence. Neither portrayed any proposed subdivision into lots. Both *Conrad* and *Barnes* specifically held that it was error to permit testimony which attached a specific value to an imaginary lot. As was said in *Conrad:*

"The ruling of the court was to the effect that a designated number of lots multiplied by a price per lot is not a proper basis for determining value of undeveloped land which is suitable for subdivision. The ruling is correct."

Further:

"The fair market value of undeveloped land immediately before condemnation is not a speculative value based on an imaginary subdivision and sales in lots to many purchasers. It is the fair market value of the land as a whole in its then state according to the purpose or purposes to which it is best adapted and in accordance to its best and highest capabilities. It is not proper for a jury to consider an undeveloped tract of land as though a subdivision thereon is an accomplished fact. Such undeveloped property may not be valued on a per lot basis." Citing *Barnes* and other cases.

The following language appears in *Barnes:*

> "It is proper to show that a particular tract of land is suitable and available for division into lots and is valuable for that purpose, but it is not proper to show the number and value of lots as separated parcels in an imaginary subdivision thereof. In other words, it is not proper for the jury in these cases to consider an undeveloped tract of land as though a subdivision thereon is an accomplished fact. Such undeveloped property may not be valued on a per lot basis. The cost factor is too speculative."

It is further stated in *Barnes* that:

> "It is manifest that the court was correct in excluding testimony as to value of the land based on supposed subdivisions and the sale of lots at an estimated price per lot after deducting an estimated cost per lot for development. Such a method of valuation is too speculative and remote."

The admission of testimony placing a specific value on nonexistent lots was prejudicial error and entitles plaintiff to a new trial.

[2] Plaintiff's assignment of error No. 5 is an exception to the following portion of the court's charge on just compensation: "Now, just compensation is said to be, Members of the Jury, that you should take the value of the property left, and put it on top of that money, until you brought it up where it was before the property was taken." Plaintiff contends that this instruction is unclear, confusing and does not follow the statutory provisions for determining just compensation. We agree. In the next paragraph of his charge the court properly instructed the jury in conformity with G.S. 136-112(1) which provides, "Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." Similar instructions which conformed to the statutory provisions have been approved in *Highway Commission v. Hettiger,* 271 N.C. 152, 155 S.E. 2d 469 (1967), and *Highway Commission v. Gasperson,* 268 N.C. 453, 150 S.E. 2d 860 (1966). We cannot assume that the jury followed the correct instruction and was not confused by the erroneous portion. See *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582 (1964).

Other errors assigned are not likely to occur upon a new trial; and we do not discuss them.

New trial.

MALLARD, C.J., and VAUGHN, J., concur.