CITY OF CHARLOTTE, A MUNICIPAL CORPORATION v. THE CHARLOTTE PARK AND RECREATION COMMISSION; MAUDE STEWART HAYWOOD; PIEDMONT REALTY COMPANY, ITS SUCCESSORS AND ASSIGNS; AND ABBOTT REALTY COMPANY, ITS SUCCESSORS AND ASSIGNS, CHARLOTTE KELLY AND LUTHER KELLY

No. 64

(Filed 29 January 1971)

**1. Deeds § 15; Estates § 4.1— conveyance of park to municipality — fee simple determinable estate**

A deed providing that land conveyed to a municipality should be used as a park for white people and that the land was to revert to the grantor or its successors and assigns in the event that the land ceased to be used for such purpose, *held* to create a fee simple determinable estate.

**2. Deeds § 15; Estates § 4.1— fee simple determinable estate — possibility of reverter**

The grantor's conveyance of a fee simple determinable estate leaves in the grantor a possibility of reverter, which is not an estate in the land but is a reversionary interest therein.

**3. Descent and Distribution § 1; Deeds § 15— possibility of reverter — descent to the heirs of the grantor**

Absent a valid *inter vivos* transfer, a possibility of reverter passes by descent to the heirs of the grantor of the fee simple determinable or, if the grantor was a corporation, to the successors thereof upon the dissolution of the corporate grantor.

**4. Deeds § 15; Estates § 4.1—fee simple determinable — termination of the estate — reversion of the fee**

A fee simple determinable estate terminates automatically upon the occurrence of the event which gives rise to the reverter, and no entry upon the land by the holder of the possibility of reverter is necessary to bring about the reversion of the fee simple absolute to him.

**5. Estates § 4.1; Eminent Domain § 14— condemnation of determinable fee — interest acquired in land**

The condemnation of land subject to a possibility of reverter does not cause a reversion of the title to the grantor or to its successor or transferee.

**6. Estates § 4.1; Eminent Domain § 14— condemnation of fee simple determinable and possibility of reverter**

The simultaneous condemnation of a fee simple determinable estate and the possibility of reverter destroys the possibility of reverter.

Charlotte v. Recreation Comm.

7. **Eminent Domain § 16; Estates § 4.1— condemnation of land subject to fee determinable — person entitled to award of compensation**

The owner of a fee simple determinable estate is entitled to the full award of compensation for the condemnation of land subject to the fee, where, at the time of the taking of both the fee simple determinable estate and the possibility of reverter, the event which would otherwise have terminated the estate is not a probability for the near future.

8. **Eminent Domain § 16— persons entitled to award of compensation — condemnation of park land subject to possibility of reverter**

A municipal parks commission was entitled to the full award of compensation for the condemnation of park land that was subject to a possibility of reverter, where the alleged claimants of the possibility of reverter either failed to file answer to the proceeding or had filed answer disclaiming any interest in the award.

9. **Eminent Domain § 5; Estates § 4.1— condemnation of park land subject to possibility of reverter — amount of compensation**

In a municipality's proceeding to condemn park land that was subject to a possibility of reverter if the land ceased to be used for park purposes, the park commission, which held fee simple determinable title to the land, was entitled to recover as compensation the difference between the full market value of the land immediately before and immediately after the condemnation without restrictions as to its use as park land, where (1) the municipality simultaneously condemned the fee simple determinable estate and the possibility of reverter and (2) the event which would have otherwise terminated the estate was not a probability for the near future.

Justice MOORE did not participate in the consideration or decision of this case.

APPEAL by plaintiff from *Clarkson, E.J.*, at the 6 April 1970 Special Civil Non-Jury Session of MECKLENBURG, heard prior to determination by the Court of Appeals.

The City of Charlotte instituted this proceeding to condemn property owned by The Charlotte Park and Recreation Commission (the Commission), used by it as a park and known as the Rose Garden, the taking being for the purpose of construction of a highway known as the Northwest Expressway. The Commission moved that its title to the property and its sole right to receive the award for its taking be determined. The City moved that a hearing be had upon all issues raised by the pleadings, other than the issue of damages, and that the court determine the nature and extent of the Commission's interest in the land and the measure of damages to be paid by the City. The case was so heard in the Superior Court without a jury. The following is a

summary of the facts found by the Superior Court, to which findings no exception has been taken:

1. All parties known to claim any interest in the property have been named as defendants and properly served with process.

2. The property was conveyed to the City of Charlotte by Piedmont Realty Company by deed dated July 13, 1904, which deed contained the following provision:

> "To Have and To Hold unto the said party of the second part, its successors and assigns, to be improved, maintained and used by it for the purpose of furnishing to white people a park for their pleasure and comfort, and upon condition that whenever the said property shall cease to be used as a park for white purposes (sic), then the same shall revert to the party of the first part, its successors and assigns."

3. Subsequently, title to the property vested in the Commission, subject to the above quoted provision in the deed from Piedmont Realty Company, and such title was held by the Commission at the time of the taking in this proceeding by the City.

4. At the time of the taking, there was no intent on the part of the Commission to abandon the use of the property for a public park or any probability of the discontinuance of the use of the property for park purposes.

Upon these facts the Superior Court concluded as matters of law (summarized):

1. The Commission is the only party having any interest in the property condemned and is entitled to the entire amount of any award to be made.

2. The City has acquired title to the property in fee simple absolute, free and clear of any restriction as to use, rights of reverter or any other encumbrance.

3. "Plaintiff having acquired title in fee simple absolute, the measure of damages to be followed in determining the issue of damages shall be the difference between the fair market value of the entire tract immediately prior to March 11, 1969, on which date the taking occurred, and the fair market value of the remaining property immediately after the taking."

4. No request for appointment of commissioners having

been made, the cause is transferred to the Civil Issue Docket for trial as to the issue of just compensation.

The City appeals, assigning as error the third of the above conclusions of law, the signing of the order by the Superior Court and the refusal of the court to sign an order tendered by the City. The order so tendered by the City and rejected by the court would have directed the judge, at the trial of the issue of damages, to include in his charge the following:

> "In determining the issue of damages, the measure of damages shall be the difference between the fair market value of the entire tract *with its use limited to that of a public park* immediately prior to March 11, 1969, and the fair market value of the remaining property *with its use limited to that of a public park* immediately after the taking." (Emphasis added.)

Prior to the entry of the order in question, the defendants Maude Stewart Haywood, Charlotte Kelly and Luther Kelly, the last two having been made additional parties defendant upon the allegation that they are successors to Abbott Realty Company, filed a joint answer. Therein they alleged that they have assigned and transferred to the Commission any and all rights which they had in the property at the time of the taking by this proceeding and disclaimed any right to participate in any award on account of such taking. These defendants pray that they be dismissed as parties to the action.

The answer of the Commission alleged that Piedmont Realty Company was dissolved as a corporation on June 19, 1911, and that Abbott Realty Company was suspended as a corporation on December 15, 1952. Both of these corporate defendants were served by publication and neither filed an answer. The record does not show what interest, if any, Abbott Realty Company ever had in the property, but in the brief of the Commission it is referred to as "a supposed transferee of Piedmont Realty Company."

*W. A. Watts for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Joseph W. Grier, Jr., and James Y. Preston for defendant appellee.*

LAKE, Justice.

[1]  The deed from Piedmont Realty Company conveyed to the City of Charlotte a fee simple determinable estate, sometimes called a base or qualified fee, in the land here in question. *Recreation Commission v. Barringer,* 242 N.C. 311, 88 S.E. 2d 114, *cert. den.,* 350 U.S. 983; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *Hall v. Turner,* 110 N.C. 292, 305, 14 S.E. 791; Restatement, Property, § 44; 28 AM. JUR. 2d, Estates, §§ 22, 29, 30, 31. The Superior Court found, without objection, that by virtue of certain acts of the Legislature this estate in the land was vested in the Commission at and prior to the time of the retaking of the land by the City in this condemnation proceeding.

[2]  The conveyance of the fee simple determinable estate left in the grantor, Piedmont Realty Company, a possibility of reverter, which is not an estate in the land but is a reversionary interest therein. *Elmore v. Austin, supra;* Restatement, Property, § 154(3); 28 AM. JUR. 2d, Estates, §§ 27, 182, 183. Though the record before us does not so show, it is stated in the brief of the Commission that Abbott Realty Company, itself now defunct, was "a supposed transferee of Piedmont Realty Company."

There is a widespread division among the authorities on the subject as to whether a possibility of reverter, resulting from a conveyance of a fee simple determinable, can be the subject of an *inter vivos* transfer. See: *Annot.,* 53 A.L.R. 2d 224-266; 28 AM. JUR. 2d, Estates, §§ 27, 184. Among the authorities saying that such an interest is not transferable *inter vivos* are *Pond v. Douglass,* 106 Maine 85, 75 A 320; *Puffer v. Clark,* 202 Mich. 169, 199, 168 N.W. 471, 480; and Tiedeman, Real Property (3rd Ed.), § 291. See also: *Church v. Young,* 130 N.C. 8, 40 S.E. 691, in which the majority opinion does not make it clear whether the interest attempted to be transferred was a possibility of reverter, created by the conveyance of a fee simple determinable, or was a right of reentry for breach of a condition subsequent, fastened upon a conveyance of fee simple absolute. Authorities supporting the transferability of a possibility of reverter, arising from a conveyance of a fee simple determinable, include *Copenhaver v. Pendleton,* 155 Va. 463, 155 S.E. 802, 77 A.L.R. 324; and Restatement, Property, § 159(1).

It is not necessary for us to determine this question in the matter now before us. The successors of both Piedmont Realty Company, the grantor of the fee simple determinable, and of Abbott Realty Company, the "supposed transferee" of the possibility of reverter, as well as the two corporations themselves, have been made parties defendant in this condemnation proceeding and have been served with process by publication. Neither of the corporate defendants filed answer. Both are said to be defunct long since. Individual defendants, made parties on the ground that they are "heirs and successors to the assets of the Abbott Realty Company," filed a joint answer, disclaiming any interest in the award of compensation for the taking, and asserting that they have assigned to the Commission any and all rights which they had at the time of the taking. Thus, both parties to the "supposed transfer" of the possibility of reverter, and the successors of each of them, were made parties to this action, were served with process, and either disclaimed or failed to assert any interest in the award of compensation for the taking.

[3]   Absent a valid *inter vivos* transfer of a possibility of reverter, it passes by descent to the heirs of the grantor of the fee simple determinable or if, as here, the grantor was a corporation, it passes to the successors thereof upon the dissolution of the corporate grantor. See: *Church v. Young, supra; Copenhaver v. Pendleton, supra;* Restatement, Property, § 164; 28 AM. JUR. 2d, Estates, § 184. Thus, if the "supposed transfer" to Abbott Realty Company was valid, the possibility of reverter was held, at the time of the taking, by the successors of that corporation, it being defunct. If the "supposed transfer" was invalid, the possibility of reverter was then held by the successors of Piedmont Realty Company, also now defunct. In either event, those who held the possibility of reverter, at the time of the taking of the property in this condemnation proceeding, are parties hereto and have either failed to assert a claim or have disclaimed any interest in the award of compensation.

[4, 5]   A fee simple determinable estate terminates automatically upon the occurrence of the event, which gives rise to the reverter, and no entry upon the land by the holder of the possibility of reverter is necessary to bring about the reversion of the fee simple absolute to him. *Recreation Commission*

*v. Barringer, supra; First Universalist Society of North Adams v. Boland,* 155 Mass. 171, 29 N.E. 524; 28 Am. Jur. 2d, Estates, § 24. Thus, had the Commission put the land to a use other than that specified in the deed from Piedmont Realty Company, which the record does not indicate, the Commission's right in the land would have terminated immediately. The taking of the land under the power of eminent domain does not, however, cause a reversion of the title to the grantor or its successor or transferee. *Carter v. New York Cent. R. Co.,* 73 N.Y.S. 2d 610; Nichols, Eminent Domain, § 12.321.

**[6]** In this proceeding the City, in its declaration of taking, asserted that it thereby acquired a fee simple absolute in the land described as taken. Thus, the City in this proceeding has taken by condemnation both the fee simple determinable estate and the possibility of reverter. These were taken simultaneously. There was no interval following the taking of the fee simple determinable estate, for use for a purpose other than that stated in the deed from Piedmont Realty Company, in which the reverter could have occurred. The condemnation destroyed the possibility of reverter. *First Reformed Dutch Church v. Croswell,* 210 App. Div. 294, 206 N.Y.S. 132; *Carter v. New York Cent. R. Co., supra; Town of Winchester v. Cox,* 129 Conn. 106, 26 A 2d 592. The court below has found, without objection, that at the time of the taking by this proceeding there was no intent on the part of the Commission to abandon its use of the land as a park and that there was then no probability that such use by the Commission would be discontinued.

The right to compensation for a taking of property by the power of eminent domain is in those who owned compensable interests in the property immediately prior to the filing of the complaint and declaration of taking. G.S. 136-104; *Highway Commission v. Hettiger,* 271 N.C. 152, 155 S.E. 2d 469. In condemnation proceedings, where there are several separately owned interests in the condemned property, a proper method for determining compensation to be paid the holder of each interest is, first, to determine the value of the property taken, as a whole, and then apportion the award among the several claimants. G.S. 136-117; *Durham v. Realty Co.,* 270 N.C. 631, 155 S.E. 2d 231; *Barnes v. Highway Commission,* 257 N.C. 507, 126 S.E. 2d 732; 27 Am. Jur. 2d, Eminent Domain, § 247. The taker of the property, thus having its total liability determined,

is not affected by or interested in the division of the award by the court.

[7, 8] Although there is authority to the contrary (See: *State v. Independent School District No. 31*, 266 Minn. 85, 123 N.W. 2d 121), the weight of authority supports the view that if, at the time of the taking of both the fee simple determinable estate and the possibility of reverter, the event which would otherwise have terminated the fee simple determinable estate is not a probability for the near future, the owner of the fee simple determinable estate is entitled to the full award of compensation for the taking, the possibility of reverter being considered of no value. *United States v. 16 Acres of Land*, 47 F. Supp. 603 (D.C. Mass.) ; *United States v. 1119.15 Acres of Land*, 44 F. Supp. 449 (D.C. Ill.) ; *State v. Cooper*, 24 N.J. 261, 131 A 2d 756; *First Reformed Dutch Church v. Croswell, supra; Carter v. New York Cent. R. Co., supra;* Restatement, Property, § 53, Comment b; Nichols, Eminent Domain, § 5.221[1] ; 27 AM. JUR. 2d, Eminent Domain, § 251. In the present instance, those whom the City has designated as claimants of the possibility of reverter have either failed to file answer, or have filed answer disclaiming any interest in the award and asserting that they have transferred such interest as they might otherwise have to the Commission. Thus, there was no error in the conclusion of the Superior Court that the Commission is entitled to the full award to be made in this case.

[9] It appears from the record that substantially all, but not all, of the tract of land affected by this taking has been condemned. The Commission asserts that the remainder is of no value as a park. "Where a portion of a tract of land is taken for highway purposes, the just compensation to which the landowner is entitled is the difference between the fair market value of the property *as a whole* immediately before and immediately after the appropriation of the portion thereof." *Barnes v. Highway Commission*, 250 N.C. 378, 109 S.E. 2d 219; G.S. 136-112; *Highway Commission v. Gasperson*, 268 N.C. 453, 150 S.E. 2d 860; *Gallimore v. Highway Commission*, 241 N.C. 350, 85 S.E. 2d 392. The market value of the property is to be determined on the basis of conditions existing at the time of the taking. *Highway Commission v. Hettiger, supra.* It is not limited by the use then actually being made of the property, but is determined in the light of all uses to which the property was

then adapted and for which it could have been used. *Williams v. Highway Commission*, 252 N.C. 514, 114 S.E. 2d 340; *Barnes v. Highway Commission, supra; Light Co. v. Moss*, 220 N.C. 200, 17 S.E. 2d 10. All factors pertinent to a determination of what a buyer, willing to buy but not under compulsion to do so, would pay and what a seller, willing to sell but not under compulsion to do so, would take for the property must be considered. *Highway Commission v. Gasperson, supra.*

The City contends that the application of this rule requires that the land be valued on the basis of its use as a public park only, since the Commission could not use it for any other purpose without terminating its estate therein. Although there is authority to that effect, in our opinion the better view, which is supported by the weight of authority, is that, in the absence of exceptional circumstances, if both the fee simple determinable estate and the possibility of reverter are condemned and if, at the time of the taking, the event which would otherwise terminate the fee simple determinable is not a probability for the near future, the award is made on the basis of the full market value of the land without restrictions as to its use. *United States v. 16 Acres of Land, supra; Town of Winchester v. Cox, supra; State v. Cooper, supra; First Reformed Dutch Church v. Croswell, supra; Carter v. New York Cent. R. Co., supra; In Re Appropriation of Easement for Highway Purposes,* 169 Ohio St. 291, 159 N.E. 2d 612, 75 A.L.R. 2d 1373; Restatement, Property, § 53; Nichols, Eminent Domain, § 12.321; 27 AM. JUR. 2d, Eminent Domain, § 289; *Annot.,* 75 A.L.R. 2d 1382. There is no injustice to the taker in this ruling for, having condemned both the fee simple determinable and the possibility of reverter, it has acquired a fee simple absolute. It is, therefore, required to pay only the value of the property which has been taken. If any injustice results, it falls upon the holder of the possibility of reverter. In the present case, according to the record before us, the holder or holders of that interest in the land have either filed no answer and made no claim to any portion of the award or have expressly disclaimed any interest therein and have requested that it be paid to the Commission.

A number of the cases cited by the City in support of its position are, in our opinion, distinguishable. In *Boston Chamber of Commerce v. Boston,* 217 U.S. 189, 30 S.Ct. 459, 54 L.Ed. 725, the city condemned land for use as a street. The land was subject

to an easement of way, light and air in favor of an adjoining property owner. The Supreme Court of the United States held that the Fourteenth Amendment required the city to pay only the value of the land after taking this encumbrance into account. There, the encumbrance was not taken, or destroyed, by the condemnation proceeding since the purpose of the condemnation was to provide a public street and would, necessarily, preserve the easement of way, light and air. Not having taken or destroyed the right of the owner of the dominant estate, the city was properly held liable for the value of the servient estate only. In *Rogers v. State Roads Commission,* 227 Md. 560, 177 A 2d 850, and in *State Highway Commission v. Callahan,* 242 Ore. 551, 410 P. 2d 818, the taker was the grantor of the fee simple determinable and, therefore, was already the owner of the possibility of reverter. Not having taken this interest, that is, not having taken the fee simple absolute, it should not be required to pay for it, and the award was properly limited to the value of the fee simple determinable estate. *Staninger v. Jacksonville Expressway Authority,* 182 So. 2d 483 (Fla. Dist. Ct. App.), and *State v. Reece,* 374 S.W. 2d 686 (Tex. Civ. App.), involved zoning restrictions and restrictions imposed by a covenant. These are distinguishable for the reason that the condemnation proceeding was not a taking or a destruction of the restriction. Furthermore, such restrictions are distinguishable from a possibility of reverter in that those restrictions forbid a use to be made of property, whereas the possibility of reverter does not forbid such use but transfers title to the property if it occurs. Where, as in the case before us, both the fee simple determinable and the possibility of reverter have been taken in the same condemnation proceeding, the full fee simple absolute has been taken and its full value should be paid by the taker to the party or parties rightfully entitled.

It follows that the measure of damages set forth in the third conclusion of law by the court below is the correct measure to be applied in this case and there was no error in the court's refusal to limit such damages to the value of the property as used for a public park.

No error.

Justice MOORE did not participate in the consideration or decision of this case.